# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHAWN K. BROWN, ) 3:18-cv-00553-MMD-WGC
    Plaintiff, ) **ORDER**
vs. )
JACK BUCHANAN, *et al.*, )
    Defendants. )

    Plaintiff Shawn K. Brown is an inmate currently incarcerated within the Nevada Department of Corrections, being housed at Ely State Prison (ESP). He filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 3.) The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

    When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the

filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Once Plaintiff has filed his completed IFP application or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court did take undertake a preliminary review of Plaintiff's complaint and it appears that it is likely to be dismissed with prejudice on screening for failure to state a claim or for seeking relief against a defendant who is immune from such relief. The caption names defendants Jack Buchanan, Michelle Fleck, Elissa F. Cadish, Steven Wolfson, Detective Long, Douglas Herndon, John Giordani, and Theresa Risenpart.

Plaintiff names Jack Buchanan, who was his retained defense counsel, who is not a State actor for purposes of 42 U.S.C. § 1983. This would apply equally to defense counsel from the criminal case, Theresa Ristenpart, who apparently filed a criminal appeal on Plaintiff's behalf. Deputy District Attorney Michelle Fleck, District Attorney Steven Wolfson, and Deputy District Attorney John Giordani would have absolute immunity from a section 1983 claim if the allegations are regarding conduct undertaken while they were performing functions intimately associated with the judicial phase of the criminal process or traditional functions of an advocate. Justice of the Peace Elissa Cadish and District Court Judge Douglas Herndon are entitled to absolute immunity for acts performed in her official capacity relating to the judicial process.

Moreover, Plaintiff's complaint includes no real substantive allegations as to Fleck, Cadish, Wolfson, Long, Herndon, or Giordani. Instead, the complaint contains a notice of appeal from a judgment of conviction filed in case Number C-16-318565-1 by Theresa Ristenpart, on behalf of Plaintiff. (ECF No. 3 at 6-7.) In Count I, the complaint alleges that this was an incorrect notice of appeal because it is titled for the United States District Court for the District of Nevada, when it was supposed to be for the Nevada Supreme Court. (*Id*. at 8.) The complaint also references a presentence investigation report indicating he was neither arrested nor booked, but he was sent to a jury trial and so he claims his due process rights were violated. In Count II, he asserts that his right to effective assistance of counsel was violated as a result of Ristenpart filing the notice of appeal in the wrong court. He asserts that despite this, Buchanan (apparently also his attorney) allowed hearings and a trial to be conducted. In Count III, he again asserts that Ristenpart should have known where to file his notice of appeal, and since she did not violated his equal protection rights.

Again, neither Ristenpart nor Buchanan are State actors, and therefore, Plaintiff may not assert claims against them under section 1983. To the extent Plaintiff is claiming ineffective assistance of counsel, his claims should be asserted in connection with a petition for writ of habeas corpus, and not a section 1983 civil rights lawsuit.

**CONCLUSION**

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application or pay the full $400 filing fee. If Plaintiff's complaint is dismissed on screening, which appears likely, the filing fee will not be refunded. If no IFP application or filing fee is received within 30 days, this action will be dismissed.

**IT IS SO ORDERED**.

DATED: February 15, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE